# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BENNER, *et al.*, | No. 1:20-CV-00775 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| THOMAS W. WOLF, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### SEPTEMBER 9, 2021

## I.   INTRODUCTION

On June 24, 2020, Plaintiffs William Benner, Nichole Missino, Kraig Nace, John Williams, Stephen Cassel, and Fred Fogelman filed their First Amended Complaint in this case.  Claiming that Pennsylvania's COVID-19 restrictions violated state and federal law, Plaintiffs sued various Pennsylvania officials in their official and individual capacities.  Defendants included Governor Thomas W. Wolf, then-Secretary of Health Rachel Levine, Secretary of Community and Economic Development Dennis M. Davin, and then-Secretary of Education Pedro A. Rivera.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim.  The motion is ripe for disposition; for the following reasons, it is granted with prejudice.  The case is dismissed without leave to amend.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim."[1]  The first step in evaluating a 12(b)(1) motion is to address whether it presents a "facial" or "factual" attack on the plaintiff's claims.[2]  The "distinction is significant because, among other things, it determines whether we accept as true the non-moving party's facts as alleged in its pleadings."[3]

A facial challenge contests the court's subject-matter jurisdiction "without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'"[4]  A factual challenge, by contrast, asserts that the underlying facts of the case do not support jurisdiction.[5]  When considering a factual challenge, a court may consider evidence outside the pleadings.[6]  Further, the plaintiff bears the burden of contesting a factual challenge and proving that jurisdiction exists.[7]

---

[1]  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

[2]  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (citation omitted).

[3]  *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 625, 632 (3d Cir. 2017) (citation omitted).

[4]  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 392 n.3 (3d Cir. 2006)).

[5]  *Aichele*, 757 F.3d at 358.

[6]  *Id.*

[7]  *Davis*, 824 F.3d at 346.

### B.    Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a claim"[8] and "streamlines litigation by dispensing with needless discovery and factfinding."[9] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[10]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[11]

Following the Roberts Court's "civil procedure revival,"[12] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[13] and *Ashcroft v. Iqbal*[14] tightened the standard that district courts must apply to 12(b)(6) motions.[15]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[16]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[8]    *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).

[9]    *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[10]    *Id.* at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

[11]    *Id.* at 327.

[12]    Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).

[13]    550 U.S. 544 (2007).

[14]    556 U.S. 662 (2009).

[15]    *Id.* at 670.

[16]    *Id.*

to relief that is plausible on its face.'"[17]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[19] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[20]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]  No matter the context, however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[22]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[23]  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[17]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[18]  *Id.*
[19]  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (cleaned up).
[20]  *Twombly*, 550 U.S. at 556.
[21]  *Iqbal*, 556 U.S. at 679.
[22]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).
[23]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

conclusions."[24]  "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."[25]

As a matter of procedure, the United States Court of Appeals for the Third

Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court
> reviewing the sufficiency of a complaint must take three steps.  First, it
> must tak[e] note of the elements [the] plaintiff must plead to state a
> claim.  Second, it should identify allegations that, because they are no
> more than conclusions, are not entitled to the assumption of truth.
> Finally, [w]hen there are well-pleaded factual allegations, [the] court
> should assume their veracity and then determine whether they plausibly
> give rise to an entitlement to relief.[26]

## III.    FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2020, Governor Wolf issued a Proclamation of Disaster

Emergency in response to the COVID-19 pandemic.[27]    Following Wolf's

Proclamation, Defendants issued business-closure orders, stay-at-home orders, a

reopening scheme, and a school-closure order.[28]

On May 11, 2020, Plaintiffs filed suit, alleging that the school-closure order

and several of the business-closure and stay-at-home orders violated the United

States and Pennsylvania Constitutions.[29]  The next day, Plaintiffs filed a motion for

---

[24]  *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[25]  *Id.  See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.)
("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a
motion to dismiss.").
[26]  *Connelly*, 809 F.3d at 787 (internal quotation marks and citations omitted).
[27]  Doc. 20 at 5–6.
[28]  Doc. 20, Exhibit A.
[29]  Doc. 1.

a temporary restraining order.[30]  After holding a hearing on May 14, 2020, this Court denied Plaintiff's motion for a temporary restraining order on May 21, 2020.[31]

On June 3, 2020, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[32]  Plaintiffs responded by filing an amended complaint on June 24, 2020.[33]  This amended complaint adds new parties and challenges the business-closure orders, stay-at-home orders, reopening scheme, and school-closure order.

In this ten-count First Amended Complaint, Plaintiffs raise various claims under state and federal law.  Under state law, Plaintiffs allege that the business-closure orders violate 35 Pa.C.S. § 7313, which authorizes the Pennsylvania Emergency Management Agency to pay to use private property in a disaster emergency.  Plaintiffs further allege that the school-closure order violates the Pennsylvania Constitution's Right to Public Education.[34]

In the federal claims they bring through 42 U.S.C. §§ 1983 and 1988, Plaintiffs allege that the COVID-19 restrictions exceed Pennsylvania's police powers, lack a statutory basis, and violate the First, Fifth, and Fourteenth Amendments to the United States Constitution.  As relief, Plaintiffs seek a declaratory judgment that the challenged COVID-19 restrictions are

---

[30]  Doc. 3.
[31]  Doc. 15.
[32]  Doc. 16.
[33]  Doc. 20.
[34]  Pa. Const. art. 3, § 14.

unconstitutional, both facially and as applied.  Plaintiffs also seek monetary damages against Defendants in their individual capacities.

In response to this amended complaint, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[35]  That motion is now before this Court.

## IV.   DISCUSSION

### A.   Declaratory Relief

First, Plaintiffs seek a declaratory judgment that the COVID-19 restrictions are unconstitutional, both facially and as applied.  As a jurisdictional matter, this Court must address whether these claims for declaratory relief are moot.[36]  "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[37]

Last month, the Third Circuit issued a precedential opinion in *County of Butler v. Governor of Pennsylvania*.[38]  There, plaintiffs challenged COVID-19 restrictions including "stay-at-home orders, business closure orders, and orders setting congregation limits in secular settings."[39]  "The United States District Court for the

---

[35]  Doc. 25.

[36]  *See Freeh v. Spanier*, No. 4:14-CV-1310, 2014 WL 4060223, at *1 (M.D. Pa. Aug. 15, 2014) ("Mootness is a jurisdictional issue, and as such may be addressed by the court sua sponte.") (citing *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001)).

[37]  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

[38]  No. 20-2936, 2021 WL 3520610, at *1 (3d Cir. Aug. 11, 2021).

[39]  *Id.*

Western District of Pennsylvania concluded that the orders violated the United States Constitution" and granted declaratory judgment in plaintiffs' favor.[40]

While *County of Butler*'s appeal was pending, voters amended the Pennsylvania Constitution, limiting the Governor's authority to declare emergencies through executive orders and proclamations.[41]  Shortly thereafter, the Pennsylvania General Assembly passed a concurrent resolution ending the Governor's Proclamation of Disaster Emergency.[42]  Also, the challenged COVID-19 restrictions had expired on their own.[43]  Because the challenged restrictions were "no longer in effect" and Governor Wolf had "been stripped of his power to unilaterally act in connection with this pandemic," the Third Circuit vacated the declaratory judgment and remanded with instructions to dismiss the case as moot.[44]

Applying *County of Butler*'s binding precedent here, Plaintiffs' claims for declaratory relief are similarly moot.   As the Third Circuit explained, the Proclamation of Disaster Emergency, business-closure orders, and stay-at-home orders are no longer in effect.[45]  The remaining challenged restrictions, including the school-closure order, are not in effect either.[46]  Moreover, "there is no reasonable

---

[40]  *Id.*
[41]  Pa. Const. art. IV § 20(d).
[42]  H.R. 106, 2021 Gen. Assemb., Reg. Sess. (Pa. 2021).
[43]  *Cnty. of Butler*, 2021 WL 3520610, at *1.
[44]  *Id.* at *1, *3.
[45]  *Id.* at *1.
[46]  Doc. 39 at 1.

expectation that they will be re-imposed."[47]   Accordingly, Plaintiffs' claims for declaratory relief are moot and are dismissed for lack of jurisdiction.

## B.   Monetary Damages

Plaintiffs also seek monetary damages against Defendants in their individual capacities.[48]  Defendants assert sovereign and qualified immunity in response.  This Court addresses each immunity in turn.

### 1.   Sovereign Immunity

Defendants are entitled to sovereign immunity from Plaintiffs' damages claims arising under Pennsylvania law.  "The doctrine of sovereign immunity, codified at 1 Pa.C.S. § 2310, protects the Commonwealth and its employees from such a suit for monetary damages unless the cause of action falls within one of several statutory exceptions . . . ."[49]  These statutory exceptions include vehicle liability; medical-professional liability; care, custody, or control of personal property; Commonwealth real estate, highways, and sidewalks; potholes and other dangerous conditions; care, custody, or control of animals; liquor store sales; National Guard activities; toxoids and vaccines; and sexual abuse.[50]

---

[47]   *Cnty. of Butler*, 2021 WL 3520610, at *3 (Jordan, J., concurring).

[48]   Doc. 35 at 37 ("[I]n the case at bar, Plaintiffs are suing the Defendants for monetary damages in their individual capacities.").

[49]   *Johnson v. Townsend*, 314 F. App'x 436, 439 (3d Cir. 2008).

[50]   42 Pa.C.S. § 8522.

Plaintiffs do not argue that any of these statutory exceptions apply.[51]  Nor do Plaintiffs allege facts supporting an inference that these statutory exceptions apply.[52] Accordingly, sovereign immunity protects Defendants from Plaintiffs' state-law damages claims.[53]

Plaintiffs counter that the Pennsylvania General Assembly waived sovereign immunity through 35 Pa.C.S. § 7313, which authorizes the Pennsylvania Emergency Management Agency to pay to use private property in a disaster emergency.[54]  But § 7313 does not mention sovereign immunity, much less waive it.  Because § 7313 does not "specifically waive the immunity," Defendants are still entitled to sovereign immunity from Plaintiffs' state-law damages claims.[55]  Thus, Plaintiffs' damages claims arising under state law are dismissed for failure to state a claim.[56]

## 2.    Qualified Immunity

Defendants are also entitled to qualified immunity from the damages claims Plaintiffs bring under 42 U.S.C. §§ 1983 and 1988.  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that

---

[51]  Docs. 20, 35.

[52]  Doc. 20.

[53]  *See Donnelly v. Se. Pa. Transp. Auth.*, 708 A.2d 145, 149 (Pa. Commw. Ct. 1998) (holding that sovereign immunity applied because plaintiffs "failed to establish that any negligence on the part of [defendant], if proven, falls within one of the exceptions to sovereign immunity listed in 42 Pa.C.S. § 8522(b).").

[54]  Doc. 35 at 37.

[55]  1 Pa.C.S. § 2310.

[56]  *See Johnson*, 314 F. App'x at 439–40 (affirming state-law claims' dismissal for failure to state a claim because defendants were entitled to sovereign immunity under Pennsylvania law).

the right was 'clearly established' at the time of the challenged conduct."[57]
Exercising its "discretion to decide which of the two prongs of qualified-immunity
analysis to tackle first," this Court will resolve this issue on the clearly-established
prong.[58]

"A Government official's conduct violates clearly established law when, at
the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently
clear' that every 'reasonable official would [have understood] that what he is doing
violates that right.'"[59]  "[C]learly established rights are derived either from binding
Supreme Court and Third Circuit precedent or from a 'robust consensus of cases of
persuasive authority in the Courts of Appeals.'"[60]  And "[u]nless the plaintiff's
allegations state a claim of violation of clearly established law, a defendant pleading
qualified immunity is entitled to dismissal before the commencement of
discovery."[61]

When Defendants imposed the challenged COVID-19 restrictions, "no
Supreme Court precedent, Third Circuit precedent, or robust consensus of persuasive
authority had held that" similar restrictions violated clearly established law.[62]  To be

---

[57] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted).
[58] *Id.*
[59] *Id.* at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).
[60] *Bland v. City of Newark*, 900 F.3d 77, 84 (3d Cir. 2018) (quoting *Fields v. City of Phila.*, 862 F.3d 353, 361 (3d Cir. 2017)).
[61] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).
[62] *James v. N.J. State Police*, 957 F.3d 165, 170 (3d Cir. 2020).

sure, Plaintiffs cite various cases to support their claims.  But none of these cases show that Defendants violated clearly established law.

For example, Plaintiffs cite *Jew Ho v. Williamson*.[63]   There, the Northern District of California invalidated a quarantine order because it was "enforced against persons of the Chinese race and nationality only, and not against persons of other races."[64]  But Plaintiffs do not allege racial discrimination here.[65]  So *Jew Ho* does not apply.

Plaintiffs also cite *Hickox v. Christie*, a case from the District of New Jersey.[66] Hickox sued various New Jersey officials for monetary damages after they required her to quarantine during the 2014–16 Ebola epidemic.[67]  The district court found that no "directly applicable quarantine case law or the analogous civil commitment case law placed defendants on notice that their conduct violated clearly established federal constitutional or statutory rights," granting the officials qualified immunity.[68] Because *Hickox* held that the officials did not violate clearly established law, it does not show that Defendants violated clearly established law here.

Finally, Plaintiffs cite *County of Butler*, in which the Western District of Pennsylvania granted a declaratory judgment against COVID-19 restrictions.[69]  But

---

[63]   103 F. 10 (C.C.N.D. Cal. 1900).
[64]   *Id.* at 13.
[65]   Doc. 20.
[66]   205 F. Supp. 3d 579 (D.N.J. 2016).
[67]   *Id.* at 584.
[68]   *Id.* at 603.
[69]   *Cnty. of Butler v. Wolf*, 486 F. Supp. 3d 883, 928 (W.D. Pa. 2020).

as explained above, the Third Circuit reversed this declaratory judgment and remanded with instructions to dismiss the case as moot.[70]  So *County of Butler* does not show that Defendants violated clearly established law either.

In short, Plaintiffs "have identified neither Supreme Court precedent nor a robust consensus of cases of persuasive authority" demonstrating that Defendants violated clearly established law.[71]   Indeed, this Court has not found any such precedent.  Defendants are therefore entitled to qualified immunity from Plaintiffs' federal damages claims, which are dismissed.

## V.    CONCLUSION

Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is granted with prejudice.  Leave to amend is not granted.  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[72]  A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[73]  Given that: (1) Plaintiffs have already amended once as of right; (2) the challenged COVID-19 restrictions are no longer in effect; and (3) sovereign immunity and qualified immunity protect Defendants from the monetary damages claims, amendment would be futile.

---

[70]  *Cnty. of Butler*, 2021 WL 3520610, at *3.

[71]  *Mirabella v. Villard*, 853 F.3d 641, 653 (3d Cir. 2017) (internal quotations marks and citation omitted) (holding that defendants were entitled to qualified immunity at the pleading stage).

[72]  *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[73]  *Id.*

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge